**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH R. LORDAN, SB# 265610
E-Mail: Joseph.Lordan@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104
Telephone: 415-362-2580
Fax: 415-434-0882
Attorneys for G4S Secure Solutions (USA) Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| EUGENE VENTURE an individual,<br><br>Plaintiff,<br><br>vs.<br><br>G4S SECURE SOLUTIONS (USA) INC., a Florida corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.<br><br>**DEFENDANT G4S SECURE SOLUTIONS (USA) INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>Action Filed:   August 22, 2016<br>Trial Date:      None Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION:**

Defendant G4S SECURE SOLUTIONS (USA) INC. ("G4S") files this notice consistent with the provisions of 28 U.S.C. §§ 1332(a) and 1441(a)-(b).

**I.   JURISDICTION AND VENUE**

1.   Removal of this action is proper under 28 U.S.C. §§ 1332(a) and 1441(a), because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, as explained in detail below. 28 U.S.C. §§ 1332, 1441(a), 1446(b).

2.   Venue is proper in this Court under 28 U.S.C. §§ 84(b) 1391 and 1446.

**II.  STATE COURT ACTION**

4838-0829-6505.1

1

DEFENDANT G4S SECURE SOLUTIONS (USA) INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

3. On August 22, 2016, Plaintiff Eugene Ventura ("Plaintiff") filed a Complaint against Defendant G4S Secure Solutions (USA) Inc. ("G4S") in the Superior Court of Kern County, California. (Ex. A to Lordan Dec., Complaint.)

4. Plaintiff's Summons and Complaint were served on G4S's agent for service of process, Corporation Service Company, by process server on or about August 24, 2016. (Ex. B to Lordan Dec., Service of Process.)

5. Plaintiff's Complaint arises out of his employment with G4S and he asserts the following claims: (1) alleged disability discrimination under the California Fair Employment & Housing Act ("FEHA"); (2) alleged failure to accommodate a disability under FEHA; (3) alleged failure to engage in the interactive process under FEHA; (4) alleged failure to take all reasonable steps to prevent discrimination under FEHA; (5) alleged retaliation under FEHA; (6) alleged wrongful termination in violation of public policy; (7) alleged defamation; (8) alleged misrepresentation in violation of Labor Code §§ 1050, 1052, and 1054; (9) alleged unpaid wages; and (10) alleged failure to permit inspection of personnel file. Plaintiff seeks unspecified compensatory damages, non-economic damages, punitive damages, attorney costs and fees, interest, declaratory relief, and other relief, including but not limited to reinstatement. (Ex. A to Lordan Dec. at p. 12, Prayer for Relief)

6. G4S filed an Answer to Plaintiff's Complaint in state court on September 21, 2016. (Ex. C to Lordan Dec., Answer; Ex. D to Lordan Dec., Online Docket.)

7. There have been no other filings or proceedings in the Superior Court matter. (Ex. D to Lordan Dec.)

8. When a plaintiff files suit in state court, but could have invoked the original jurisdiction of the federal courts, the defendant may remove the action to federal court. 28 U.S.C. § 1441(a).

**III.   REMOVAL IS PROPER BASED UPON DIVERSITY OF CITIZENSHIP**

   **A.   Plaintiff and G4S Are Not Citizens of the Same State**

9. In order remove to this Court, a defendant need only plausibly allege the requirements for federal jurisdiction via "a short and plain statement of the grounds for removal";

no evidentiary submissions are required. (*Dart Cherokee Basin Operating Co. v. Owens* (2014) 135 S. Ct. 547, 553, citing 28 U.S.C. §1446(a)).

10. Both at the time this action was filed and at the time of removal, Plaintiff was, and still is, a citizen of the State of California. Plaintiff alleges that "Plaintiff EUGENE VENTURA resides in the County of Kern." (Ex. A to Lordan Dec., ¶ 1.) Based on Plaintiff's pleading, G4S believes Plaintiff is a domiciled citizen of the state of California.

11. G4S is not a citizen of California, because it is neither incorporated in California, nor does it have its principal place of business in California. G4S is a corporation, registered in Florida, with its headquarters and principal place of business in Jupiter, Florida. (Marmon Dec., ¶¶ 2-3.) Plaintiff admits that: "[G4S] is incorporated in Florida." (Ex. A to Lordan Dec., ¶ 2.) In *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010), the United States Supreme Court held that the principal place of business is the "nerve center" where the company's high level officers direct, control and coordinate the company's activities. (*Id.* at 1184-1185.) Defendant's high level officers direct, control and coordinate its operations from Jupiter, Florida. (Marmon Dec. ¶¶ 2-3.) Therefore, for purposes of diversity of citizenship, Defendant G4S is a citizen of Florida.

12. Because Plaintiff (California citizen) and Defendant G4S (Florida citizen) are neither citizens nor residents of the same state, complete diversity exists between all current parties and removal of this action is proper.[1] (*See* 28 U.S.C. § 1332(a)(1).)

B. **The Amount in Controversy Exceeds $75,000**

13. Based on Plaintiff's allegations, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

14. Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claim exceeds $75,000. (*Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F. 3d 398, 403-404).

---

[1] Plaintiff's Complaint also names DOES 1 through 100 as defendants. Under 28 U.S.C. § 1441(a), the citizenship of fictitiously named defendants is to be disregarded for the purpose of determining this Court's diversity jurisdiction.

15. The amount in controversy is determined by evaluating the plaintiff's complaint and the record as a whole. (*Lewis v. Verizon Communications, Inc.* (9th Cir. 2010) 627 F.3d 395, 400). "In calculating the amount in controversy, a court must assume that the allegations in the complaint are true and that a jury will return a verdict for plaintiffs on all claims alleged." *Page v. Luxottica Retail North Am.* (E.D. Cal. Mar. 4, 2015) No. 2:13-cv-01333-MCE-KJN, 2015 U.S. Dist. LEXIS 26624, 2015 WL 966201 at *2 (citing *Korn v. Polo Ralph Lauren Corp.* (E.D. Cal. 2008) 536 F. Supp. 2d 1199, 1205).

16. As a result, this Court should consider all recoverable damages, including: (1) compensatory damages; (2) emotional distress damages; (3) punitive damages; and (4) attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n* (1977) 432 U.S. 333, 347-348; *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-1156; *see also Vasquez v. Arvato Digital Servs., LLC* (C.D. Cal. June 27, 2011) 2011 U.S. Dist. LEXIS 69154 at **6-11 (in disability discrimination case, "the evidence Defendant presented regarding Plaintiff's claims for attorneys' fees, punitive and emotional distress damages, and the lost wages calculation, satisfy its burden of proving, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds $75,000."); *Saldana v. Home Depot USA, Inc.* (E.D. Cal. June 20, 2016) 2016 U.S. Dist. LEXIS 80064, 2016 WL 3391808 ($75,000 threshold met based on plaintiff's claims for compensatory and punitive damages.)

17. G4S denies all of Plaintiff's allegations and disputes that Plaintiff is entitled to any relief. Without prejudice to its defenses in this action, however, G4S stipulates that the amount in controversy exceeds the $75,000 threshold for removal under 28 U.S.C. § 1332(a).

18. Although Plaintiff does not quantify his damages in his claims for: (1) disability discrimination; (2) failure to accommodate; (3) failure to engage in the interactive process; (4) failure to take all reasonable steps to prevent discrimination; (5) retaliation; (6) wrongful termination in violation of public policy; (7) defamation; (8) misrepresentation; (9) unpaid wages; and (10) failure to permit inspection of personnel file, Plaintiff claims he "suffered damages

including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages" and requests judgment for all damages. (Ex. A to Lordan Dec., ¶¶ 21-22, 28-29, 36-37, 42-44, 48-49, 55-57, 63-65, 70-72, 77, 81 and Prayer for Relief.)

19. In *Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 95 F.3d 856, 862, the court held that a removing defendant must show by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000. Considering Plaintiff's claims for: (1) lost and future wages plus interest; (2) emotional distress; (3) punitive damages; and (4) attorney's fees, it is facially apparent from the Complaint that the claims likely exceed $75,000. As explained below, these alleged damages easily meet the $75,000 amount in controversy.

**1. Plaintiff's Alleged Compensatory Damages Likely Exceed The $75,000 Jurisdictional Threshold.**

20. In his complaint and prayer for relief, Plaintiff requests that he receive compensation for his past and future lost earnings. (Ex. A to Lordan Dec. at p. 12, Prayer for Relief.)

21. Plaintiff earned $31.29 per hour during his employment with G4S, working an average of 40 hours per week. (Marmon Dec., ¶ 4.)

22. Plaintiff alleges that G4S terminated him on or about December 23, 2015, and that he was given an offer of reinstatement on or about April 26, 2016. (Ex. A to Lordan Dec., ¶¶ 8-9.) As Plaintiff was not working for G4S for approximately eighteen (18) weeks, it is anticipated he will claim more than $44,128.80 (calculated as $31.29 x 8 hours per day x 5 days per week x 18 weeks) in lost wages. Conservatively, assuming that Plaintiff claims at least the same amount in future lost wages plus interest at the statutory rate, the amount in controversy would well exceed $75,000.

23. Plaintiff also requests mental and emotional distress damages, punitive damages, treble damages for alleged unpaid wages, a $750 penalty, prejudgment interest, and attorneys' fees

1 and costs. (Ex. A to Lordan Dec. at p. 12, Prayer for Relief.)

### 2. Jury Verdicts In Similar FEHA Cases Illustrate That Plaintiff's Alleged Emotional Distress Damages Alone Satisfy This Court's $75,000 Jurisdictional Threshold.

24. In addition to lost wages and benefits, Plaintiff alleges that he has sustained non-economic damages and emotional distress, including but not limited to, "shock, emotional distress, humiliation, shame, despair, embarrassment, depression, and mental pain and anguish," and requests judgment for these alleged damages. (Ex. A to Lordan Dec., ¶¶ 42, 49, 55 and p. 12, Prayer for Relief.) While Plaintiff does not state a specific dollar amount of damages he seeks for emotional distress, this Court must consider each category of alleged damages in determining whether the amount in controversy has been met. (*See Saldana*, 2016 U.S. Dist. LEXIS 8006422 at \*\*8-11).

25. This Court has allowed jury verdicts as evidence that the jurisdictional amount is met via emotional distress damages, precisely because claims for emotional distress damages tend to be substantial. *Id.* at \*8-10.

26. Employment discrimination cases involving similar claims have resulted in jury verdicts significantly in excess of $75,000:

(a) *Jadwin v. County of Kern*, Case No. 07-CV-00026-OWW, 2009 WL 5248486, Eastern District of California, June 8, 2009. Plaintiff alleged he was demoted following medical leave, discriminated against due to his disability, that his employer failed to accommodate his disability, and failed to engage in the interactive process. The jury awarded $505,557. (*See* Ex. E to Request for Judicial Notice ¶ 1.)

(b) *Mootz v. California Dep't of Corrections,* Case No. 05-AS-04214, 2008 WL 4210724, Superior Court of Sacramento County, March 27, 2008. Plaintiff alleged that she was discriminated against on the basis of her sexual orientation, harassed, retaliated against, and that her employer did not reasonably accommodate her physical disability or engage in the interactive process. The jury awarded $800,000 based on plaintiff's retaliation claims alone. (*See* Ex. F to Request for Judicial Notice ¶ 2.)

(c) *Ko v. The Square Group LLC,* Case No. BC-4877739, 2014 WL 3555573, Superior Court of Los Angeles County, June 16, 2014. Plaintiff alleged discrimination on the basis of her disability, failure to engage in the interactive process, failure to provide a reasonable accommodation, retaliation, failure to prevent discrimination/retaliation and wrongful termination. The jury awarded $723,645 based solely on Plaintiff's claims for failure to accommodate, failure to grant leave, and wrongful termination. (*See* Ex. G to Request for Judicial Notice ¶ 3.)

27. The verdicts in *Jadwin, Mootz, and Ko* are instructive, because each of those plaintiffs claimed discrimination based on their respective disabilities, and alleged that their employers failed to engage in an interactive process or re-employ the plaintiffs following their medical leave. Each of the plaintiffs also alleged – among other things – damages for past and future emotional distress. *Id.*

28. Plaintiff likewise alleges that he was wrongfully discriminated against based on his disability, and that defendants terminated his employment as a result of his disability. (Ex. A. to Lordan Dec., ¶¶ 12-13.) Plaintiff also asserts claims for emotional distress. (*See* Ex. A to Lordan Dec., ¶¶ 25, 36, 46, 55, 67, 79, 92, and Prayer for Relief.)

29. Given the similarities in claims and alleged damages between this case and *Jadwin, Mootz, and Ko,* Plaintiff's emotional distress damages should be used to calculate the amount in controversy. (*See Saldana,* 2016 U.S. Dist. LEXIS 8006422 at *8-10).

### 3. Jury Verdicts In Similar FEHA Cases Illustrate That Plaintiff's Claim For Punitive Damages Alone Satisfies This Court's $75,000 Jurisdictional Threshold.

30. Plaintiff also requests an unspecified amount in punitive damages. (Ex. A to Lordan Dec., ¶¶ 22, 29, 37, 44, 50, 57, 71, and Prayer for Relief.) Plaintiff's claims for punitive damages also contribute to the amount in controversy. (*Gibson v. Chrysler Corp.* (9th Cir. 2001) 261 F.3d 927, 945; *Saldana,* 2016 U.S. Dist. LEXIS 8006422 at *8-10).

31. As described above, the allegations in *Jadwin, Mootz, and Ko* are similar to those in Plaintiff's complaint, and thus Plaintiff's claim for punitive damages must be factored into the

amount in controversy. *Id.*

#### 4. Attorney Fee Awards In Similar FEHA Cases Illustrate That Plaintiff's Claim For Attorneys' Fees Alone Satisfies This Court's $75,000 Jurisdictional Threshold.

32. Finally, Plaintiff seeks attorneys' fees. (Ex. A to Lordan Dec., Prayer for Relief.) California Government Code section 12965(b) authorizes attorneys' fees for cases brought under FEHA.

33. As a result, this Court may consider attorneys' fees in calculating the jurisdictional amount in controversy in disability discrimination employment cases. (*Galt G/S v. JSS Scandinavia*, (9th Cir. 1998) 142 F.3d 1150, 1155-56; *Saldana*, 2016 U.S. Dist. LEXIS 8006422 at *8-10; *Diaz v. Carmax Auto Superstores Cal., LLC*, (E.D. Cal. June 16, 2015) 2015 U.S. Dist. LEXIS 78037 at **13-15)(discussing different approaches to calculating attorneys' fees for amount in controversy).

34. Even in settlements before trial, a plaintiff's attorneys' fees in a FEHA case are usually substantial. (*See* Ex. H to Request for Judicial Notice ¶ 4, citing *Lacy Percy-Marie v. San Francisco Zoological Society*, Case No. CGC-12-522507, San Francisco County Superior Court, March 3, 2014.)

35. In *Percy-Marie,* the plaintiff was allegedly prevented from returning to work following medical leave and requests for accommodations. The employer told the plaintiff to remain on leave since it was unable to accommodate him. (*Id.*) After the parties settled the case, the court awarded $444,752 in attorneys' fees based on allegations of disability discrimination, failure to accommodate, failure to engage in the interactive process and retaliation. (*Id.*)

36. Here, the facts are similar and it can reasonably be anticipated that Plaintiff's claims for attorneys' fees alone will exceed the $75,000 threshold. Plaintiff alleges that, following a medical leave, G4S terminated his employment rather than accommodate him, and that he has continued to experience retaliatory treatment. (Ex. A to Lordan Dec., ¶¶ 7-12.)

37. In short, Plaintiff has alleged: (1) lost wages; (2) emotional distress damages; (3) punitive damages; and (4) attorneys' fees. As a result, the preponderance of the evidence proves

1 that the $75,000 amount in controversy is met.

## IV.  G4S HAS FULFILLED ALL REQUIREMENTS OF 28 U.S.C. SECTION 1446

38. **Removal is timely.**  G4S timely filed this Notice of Removal within thirty days of service of Plaintiff's Complaint.  (28 U.S.C. § 1446(b); F.R.C.P., Rule 6(a).)  G4S was served with Plaintiff's Complaint on August 24, 2016, the deadline to file G4S's Notice of Removal is September 23, 2016 (thirty days after August 24).

39. **Removal to this Court is proper.**  Plaintiff's Complaint was filed in the Superior Court of the State of California in Kern County.  This Court is part of the division in which the Superior Court action is pending.  (28 U.S.C. §§ 84(b) and 1446(a).)

40. **All Pleadings and process in the State Court Action have been submitted with this Removal.**  Other than the documents submitted with this Notice of Removal, no other pleadings, process, orders, or other papers in this case have been filed, served, or received by G4S.

41. **Notice Has Been Provided to All Parties and the State Court.**  G4S filed a copy of this Notice of Removal with the clerk of the state court and is serving a copy on Plaintiff.  (28 U.S.C. § 1446(d).)

As a result, G4S respectfully requests that this lawsuit be removed from the Superior Court of Kern County, California, in which it is now pending, to this District Court of the United States, Eastern District of California.

DATED: September 23, 2016

JOSEPH R. LORDAN
LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  /s/ Joseph R. Lordan
―――――――――――――――――
Joseph R. Lordan
Attorneys for G4S Secure Solutions (USA) Inc.